IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANA BRUCKER and MARY DORSEY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 13 C 5903 |
| QUIRK, INC., d/b/a HOME INSTEAD SENIOR CARE #340 and DAHLEEN, INC., d/b/a HOME INSTEAD SENIOR CARE #340, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Mary Dorsey and Dana Bruckner sued Quirk, Inc. and Dahleen, Inc., alleging that they violated Title VII of the Civil Rights Act of 1964 and the Illinois Whistleblower Act. Quirk has moved for summary judgment against Dorsey, arguing that she is judicially estopped from prosecuting her claims and that she lacks standing to pursue the claims. For the reasons stated below, the Court concludes that Dorsey lacks standing and grants defendants' motion.

## Background

Quirk operated a home healthcare agency. Dorsey worked for Quirk as its human resources director and/or office manager from 2006 until September 29, 2011. On that day, Michael Quirk, the owner, allegedly announced that his girlfriend would replace Bruckner as the agency's client care coordinator. Dorsey told Quirk that if Bruckner was no longer the client care coordinator, state law did

not permit her to do home visits. In the course of this exchange, Dorsey contends, Quirk grabbed her arm, causing bruising. She contends that these events amounted to constructive discharge.

Dorsey also contends that Quirk engaged in selective hiring procedures that discriminated against African-Americans. She says that she objected to this and refused to participate in this conduct beginning in 2010 and until she left the company.

On November 3, 2011, Dorsey filed a charge with the Equal Employment Opportunity Commission (EEOC). She alleged that Quirk subjected her to sex-based discrimination and sexual harassment, and she recounted the firm's selective hiring practices. The EEOC charge did not reference the Illinois Whistleblower Act (IWA).

Dorsey filed for Chapter 7 bankruptcy in February 2012. She received a discharge in June 2012. In her disclosures of assets filed in the bankruptcy case, Dorsey did not report the charge of discrimination or any other legal claim. She maintains, however, that she did not become aware of the IWA claim until consulting with her attorney one year later.

Downey's complaint in the present case, which she filed in August 2013, included a claim under the IWA, as well as claims of sexual harassment, hostile work environment based on sex, and retaliation under Title VII. Dorsey later dropped all of her claims except the IWA claim. Quirk has moved for summary judgment on that claim.

**Discussion**

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court views the facts in the light most favorable to the non-moving party and draws reasonable inferences in that party's favor. *See, e.g., Gaines v. K-Five Constr. Corp.*, 742 F.3d 256, 266 (7th Cir. 2014).

Judicial estoppel is an equitable doctrine that protects the integrity of the courts. *New Hampshire v. Maine,* 532 U.S. 742, 749-50 (2001); *Matter of Cassidy*, 892 F.2d 637, 641 (7th Cir. 1990). It prevents a party from prevailing in a proceeding based on a particular stance and then taking a contradictory stance in a second proceeding and prevailing there as well. *Williams v. Hainje*, 375 F. App'x 625, 627 (7th Cir. 2010). Applied in the bankruptcy context, the doctrine typically prevents a debtor, who benefited from a bankruptcy proceeding and concealed the existence of a valuable claim, from later recovering on the undisclosed claim. *Biesek v. Soo Line R. Co.*, 440 F.3d 410, 412 (7th Cir. 2006); *Matthews v. Potter*, 316 F. App'x 518, 522 (7th Cir. 2009). If, however, the evidence shows that the nondisclosure was inadvertent or mistaken, the court need not apply an estoppel. *New Hampshire*, 532 U.S. at 753; *Williams*, 375 F. App'x at 628.

In order for party to litigate a claim in the first place, however, she must have standing. *Rainey v. United Parcel Service, Inc.*, 466 F. App'x 542, 543-44 (7th Cir. 2012). In bankruptcy, all of the debtor's legal claims that arose before

the bankruptcy petition was filed belong to the bankruptcy trustee. *Cannon-Stokes*, 453 F.3d 446, 448 (7th Cir. 2006). Unless the trustee abandons the claim, the bankruptcy estate retains ownership. *Matthews*, 316 F. App'x at 521. Once the bankruptcy has been closed, the debtor may not pursue the claim on the behalf of the estate. *Id.*; *Rainey*, 466 F. App'x at 544. If, however, a debtor reopens the bankruptcy case and informs the trustee of a previously undisclosed claim, and the trustee does not abandon the claim, the debtor may litigate the claim on behalf of the estate for the benefit of the creditors. *Rainey*, 466 F. App'x at 544-45. Dorsey has not pursued that course, however.

Equity demands not only protection for the courts through the shield of judicial estoppel, but also for innocent third parties. When a debtor deceives the bankruptcy court, the creditors become victims of this fraud. *Biesek*, 440 F.3d at 413; *Cannon-Stokes*, 453 F. 3d at 448. Limiting the creditors' access to a recovery based on the hidden claim by applying judicial estoppel violates the principle of equity. *Biesek*, 440 F.3d at 413; *Cannon-Stokes*, 453 F. 3d at 448.

It is appropriate to determine the question of standing before considering the parties' arguments regarding judicial estoppel. This avoids unfairly "vaporiz[ing] assets" that otherwise could benefit creditors. *Biesek*, 440 F.3d at 413. Nearly twenty creditors suffered losses as a result of Dorsey' bankruptcy. Applying judicial estoppel to grant summary judgment on the merits of Dorsey's claim would prevent the real parties in interest from pursuing the claim via the bankruptcy trustee or his designee. *See Biesek*, 440 F.3d at 413.

The Court concludes that Dorsey lacks standing to bring this case. All

pre-bankruptcy legal claims belong to the bankruptcy estate and not the debtor. 11 U.S.C. § 541(a)(1); *Matthews*, 316 F. App'x at 521. Dorsey contends that she did not realize that she had an IWA claim until more than one year after her discharge, but that is immaterial to the ownership of the claim. Rather, the question of standing turns on when the claim accrued. *Rainey*, 466 F. App'x at 543-44.

If the events giving rise to the litigation took place before the debtor filed for bankruptcy, the trustee owns the claim. *In re Polis,* 217 F.3d 899, 902 (7th Cir. 2000). Just as the court in *Kleven v. Walgreen Co.*, 373 F. App'x 608 (7th Cir. 2010), rejected the argument that the bankruptcy trustee had no interest in a wrongful termination claim based on pre-termination events but not filed until after the bankruptcy closed, the Court rejects Dorsey's contention that she is the real party in interest on this claim. *See id.* at 610. Dorsey bases her IWA claim on events that took place in 2010 and 2011. She filed for bankruptcy in 2012. Thus standing to prosecute the claim rests exclusively in the bankruptcy trustee. *Cable v. Ivy Tech State College*, 200 F.3d 467, 472 (7th Cir. 1999). The Court also notes that the trustee also owns the other claims that Dorsey voluntarily dismissed.

## Conclusion

For the reasons stated above, the Court grants defendants' motion for summary judgment on plaintiff Dorsey's only remaining claim, based on her lack of standing. The Court directs the Clerk to mail a copy of this opinion to the trustee in Dorsey's bankruptcy case, Gregg Szilagyi, 542 South Dearborn Street,

Suite 1400, Chicago, Illinois 60605.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: March 12, 2014